## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

|  |  |
|---|---|
| IN RE APPLICATION OF NICOLAS PLOWIECKI FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Civil No. 21-23 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S APPEAL OF MAGISTRATE JUDGE'S ORDER** |

---

Randi J. Winter and Donald G. Heeman, **SPENCER FANE LLP**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402; Lucas Bento, Debra O'Gorman, and Dennis Hranitzky, **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 51 Madison Avenue, 22nd Floor, New York, NY 10010, for Nicolas Plowiecki, petitioner.

Kirsten E. Schubert and Samuel Audley, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Piper Sandler & Co, respondent.

Matthew J. Piehl, **LATHAM & WATKINS LLP**, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004; Gwyn Williams, David C. Tolley, and David Rowe, **LATHAM & WATKINS LLP**, 200 Clarendon Street, 27th Floor, Boston, MA 02116, for Balt SAS, intervenor.

Petitioner Nicolas Plowiecki filed a lawsuit against two companies in a French court alleging they violated a shareholders' agreement. Plowiecki then filed an application in the District of Minnesota under 28 U.S.C. § 1782 for discovery from Respondent Piper Sandler & Co.'s ("Piper") for information to use in the French case. Piper is not a party to the French action. On May 20, 2021 Magistrate Judge Becky R. Thorson granted

Plowiecki's application and authorized him to issue two subpoenas to Piper: one for deposition testimony by a Piper representative on nine topics and one with four document requests. Upon receipt of the subpoenas, Piper moved to modify or quash the subpoenas. Balt SAS ("Balt")—one of the defendants in the French suit—also moved to intervene, vacate the order granting the § 1782 application, and to quash the subpoenas.

On July 28, 2021, the Magistrate Judge (1) granted Balt's motion to intervene; (2) denied Balt's motion to vacate; and (3) granted in part and denied in part Piper's and Balt's motions to quash the subpoenas Plowiecki issued to Piper. The Magistrate Judge's order modified but permitted enforcement of the deposition subpoena and quashed the document subpoena entirely. Plowiecki now appeals the Magistrate Judge's order quashing the subpoena for document production. Because the Magistrate Judge's order granting the motion to quash was neither clearly erroneous nor contrary to law, the Court will deny Plowiecki's appeal and affirm the Magistrate Judge's order.

## BACKGROUND

### I.   FACTUAL BACKGROUND

Balt is a French medical device company founded by Plowiecki's father in 1977. (Decl. of Nicolas Plowiecki ¶¶ 5–6, Mar. 23, 2021, Docket No. 9.) Plowiecki, a resident of France, jointly managed Balt with his wife from 2003 to 2018, serving as Balt's president. (*Id.* ¶¶ 4–6.) In 2015, Plowiecki sold a majority ownership, around 55%, of Balt's shares to Bridgepoint Europe V FIPS and Bridgepoint Europe V Investments (2) s.à.r.l. (collectively

"Bridgepoint"). (*Id.* ¶ 7.) Plowiecki and his wife retained more than 40% of Balt's shares through his company COPERNIC SAS. (*Id.* ¶ 9.) At the time of sale, Bridgepoint and Plowiecki entered into a shareholders' agreement and Plowiecki remained president of Balt. (*Id.* ¶¶ 7–8.) By 2018, however, Plowiecki began attempting to retake control of Balt from Bridgepoint.[1] (Mem. Supp. Ex Parte Appl. at 6, Mar. 3, 2021, Docket No. 7.) Balt's board of directors removed Plowiecki as president in December 2018. (*Id.* at 7.) Plowiecki and his wife, however, remain members of Balt's board. (Decl. of François Berbinau ("Berbinau Decl.") ¶ 13, Mar. 23, 2021, Docket No. 12.)

In March 2019, Plowiecki filed a lawsuit against Balt and Bridgepoint in the Pontoise, France Commercial Court alleging that his removal was wrongful, abusive, and vexatious. (Plowiecki Decl. ¶ 18.) This case is unresolved. (*Id.*)

Piper is a Minnesota-based investment bank providing investment banking and brokerage services. (Mem. Supp. Ex Parte Appl. at 3.) On October 1, 2020, Balt engaged Piper to advise on a possible sale of Balt's stock and to manage any inquiries or interest in purchasing Balt. (*Id.* at 10–11.) Plowiecki alleges this was part of a string of actions that violated his rights under the shareholders' agreement between himself and Bridgepoint. (*Id.* at 8–11.) On October 23, 2020, Plowiecki notified Bridgepoint that he was exercising a call option on the Balt shares owned by Bridgepoint. (*Id.* at 11.) Plowiecki

---

[1] Balt and Plowiecki dispute whether Plowiecki's actions in doing so were wrongful. (*Compare* Mem. Supp. Ex Parte Appl. at 6–8, *with* Resp. to Pet'r's Limited Obj. at 2, Aug. 25, 2021, Docket No. 67.) The Court makes no findings on this or any other disputed fact as resolving any factual dispute is irrelevant to resolution of this appeal.

alleges that he had this right under the shareholders' agreement whereas Balt maintains that he had no right to do so.  (*Compare id.*, *with* Resp. to Pet'r's Limited Obj. at 3, Aug. 25, 2021, Docket No. 67.)  Bridgepoint did not comply with Plowiecki's purported right to exercise a call option.  (Mem. Supp. Ex Parte Appl. at 11.)

In November 2020, Plowiecki filed a lawsuit in Paris, France Commercial Court against Bridgepoint and Balt seeking specific performance of the call options or, in the alternative, damages.  (*Id.* at 14.)  Bridgepoint and Balt responded that Plowiecki had no right to exercise his call options and counterclaimed for damages.  (*Id.* at 14–15.)  Plowiecki then filed an application in March 2021 in the District of Minnesota under 28 U.S.C. § 1782 seeking an ex parte order for discovery from Piper for use in the pending litigation in the Paris Commercial Court.  (Ex Parte Appl. of Nicolas Plowiecki, Mar. 22, 2021, Docket No. 1; Mem. Supp. Ex Parte Appl. at 15.)  Specifically, Plowiecki alleges that information from Piper will allow him to support his claim that any harm suffered by Bridgepoint and Balt derives from their own violation of the shareholders' agreement and an unlawful sales process that violated Plowiecki's purported rights under the agreement.  (Mem. Supp. Ex Parte Appl. at 15.)

Through other methods, Plowiecki has received some documents about the possible sale of Balt and Piper's role in it.  The documents he has received include (1) the Balt-Piper engagement letter; (2) Balt's Board Discussion materials dated November 13, 2020; (3) a summary of "Inbound Interest" in Balt; (4) material for Balt's Board showing

indications of interest in Balt; (5) Piper's presentation to Balt's Board on August 24, 2020; (6) a study on the United States market for neurointerventional devices; (7) a Balt IPO readiness assessment from Ernst & Young; and (8) a Balt Transaction Foundations databook.  (Decl. of Christophe Digoy ("Digoy Decl.") ¶ 17 n.1, June 7, 2021, Docket No. 29.)

## II.     PROCEDURAL HISTORY

In March 2021, Plowiecki filed this ex parte application seeking an order to take discovery for use in the Paris Commercial Court under 28 U.S.C. § 1782.  (Mem. Supp. Ex Parte Appl. at 15.)  The application seeks (1) a deposition of one or more people from Piper on nine topics related to Piper's interactions with Balt and Bridgepoint on the potential sale of Balt shares and Piper's recordkeeping and (2) documents related to the potential sale of Balt shares.  (Decl. of Lucas Bento, Ex. 5 at 7–8, Mar. 23, 2021, Docket No. 14-5.)  The subpoenas also included instructions and definitions of the various terms in the requests.  (*Id.* at 12–17.)  For example, the document subpoena instructions included a demand for all drafts or non-identical copies including those with handwriting. (*Id.* at 14.)

The Magistrate Judge granted the application in May 2021 and authorized Plowiecki to serve the proposed subpoenas, definitions, and instructions on Piper.  (Order at 9, May 20, 2021, Docket No. 22.)  The order required Plowiecki to enter a protective order with Piper before production.  (*Id.*)  The Magistrate Judge noted that Piper could

object or move to quash the subpoenas after they were issued. (*Id.* at 8.) Plowiecki then served the subpoenas on Piper on May 24, 2021 pursuant to the Magistrate Judge's Order. (Stip. Mot. Intervene to Vacate May 20, 2021 Order & Quash Subpoenas Issued at 1, June 21, 2021, Docket No. 39.)

After receiving the subpoenas, Piper moved to quash them. (Mot. Quash Pet'r's Subpoenas, June 21, 2021, Docket. No. 42.) Balt moved to intervene, vacate the order, and quash the subpoenas. (Mot. Intervene to Vacate May 20, 2021 Order & Quash Subpoenas Issued, June 7, 2021, Docket No. 26.) Plowiecki and Piper did not object to Balt's intervention. (Tr. Mot. Hr'g at 70:5–6, July 29, 2021, Docket No. 60.)

At a hearing on July 28, 2021, the Magistrate Judge addressed the motions to intervene, to vacate, and to quash. The Magistrate Judge granted Balt's motion to intervene and denied Balt's motion to vacate. (Min. Entry Proceedings Held July 28, 2021, July 28, 2021, Docket No. 58.) The Magistrate Judge granted in part and denied in part the motion to quash the subpoenas: (1) allowing a deposition of Piper but limiting the topics and duration of the deposition and (2) quashing the subpoena for document production. (*Id.*) The Magistrate Judge ordered the parties to jointly submit a proposed protective order and to alert the French court when the protective order issued. (*Id.*) The reasons for the decision were stated on the record. (*See* Tr. Mot. Hr'g at 70–83.) The Magistrate Judge's principal reasons for quashing the document subpoena were that (1) it requested confidential information; (2) it is uncertain if confidentiality of the

information can be maintained because it is unclear if American protective orders are

enforceable in French courts and because Piper may not be able to object to disclosure;

and (3) the subpoena and its instructions were overbroad and not proportional to the

needs of the case, creating a great burden on Piper especially in light of the fact that

Plowiecki already obtained much of the information requested.  (*Id.* at 77:25–79:1.)

On August 11, 2021, Plowiecki appealed part of the Magistrate Judge's Order,[2]

arguing that the Magistrate Judge's decision is contrary to law and clearly erroneous

because (1) the documents sought do not contain confidential information and if they did

there is not sufficient risk that the information will not remain confidential and (2) the

document subpoena was not overbroad and that, even if it was, narrowing it rather than

quashing it altogether is the proper remedy.  (Mem. Supp. Pet'r's Limited Obj., Aug. 11,

2021, Docket No. 66.)

## DISCUSSION

## I.      STANDARD OF REVIEW

The Court concludes that a district court should only reverse a magistrate judge's

order quashing or limiting a subpoena authorized under 28 U.S.C. § 1782 if the order is

---

[2] Though Plowiecki styles its challenge as a limited "objection," challenges to nondispositive issues are appeals, to be granted or denied, whereas challenges to dispositive issues are objections, to be sustained or overruled.  As discussed below, the Court will hold that the issue in dispute here is nondispositive and, thus, Plowiecki's challenge is an appeal of the Magistrate Judge's order.

clearly erroneous or contrary to law.  The Court concludes this standard is appropriate because a decision to quash or modify a § 1782 subpoena is nondispositive.

Neither the Supreme Court nor the Eighth Circuit have squarely addressed whether a magistrate judge's § 1782 orders are dispositive, nor have they addressed the proper standard of review of such orders.  The Second Circuit is the only circuit court to have addressed the proper standard of review, holding that the district court reviews a magistrate judge's order for clear error because discovery orders under § 1782 are nondispositive.  *Sampedro v. Silver Point Cap.*, L.P., 958 F.3d 140, 142 n.1 (2d Cir. 2020). Most lower courts have held that magistrate judges have authority to quash a § 1782 subpoena, that such decisions are nondispositive, and have reviewed orders from magistrate judges for clear error.[3]

The jurisdiction and powers of magistrate judges are established in the Federal Magistrates Act and codified at 28 U.S.C. § 636.  A magistrate judge has the power

> to hear and determine any pretrial matter pending before the
> court, except a motion for injunctive relief, for judgment on
> the pleadings, for summary judgment, to dismiss or quash an
> indictment or information made by the defendant, to

---

[3] *See, e.g., In re Pons*, No. 19-23236, 2020 WL 1860908, at *3–4 (S.D. Fla. Apr. 13, 2020); *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 71–72 (S.D.N.Y. 2019) ("Most lower courts, however, have found that such rulings are *not* dispositive and are therefore subject to review only for clear error." (emphasis in original)); *In re Application of Quadre Invs., L.P.*, No. 18-118, 2019 WL 1075274, at * 1 (C.D. Cal. Jan. 7, 2019); *Republic of Ecuador v. Bjorkman*, No. 11-1470, 2011 WL 5439681, at *1 (D. Colo. Nov. 9, 2011); *Weber v. Finker*, No. 307-27-J-32, 2008 WL 2157034, at *1 (M.D. Fla. May 20, 2008), *aff'd*, 554 F.3d 1379 (11th Cir. 2009).

> suppress evidence in a criminal case, to dismiss or to permit
>
> maintenance of a class action, to dismiss for failure to state a
>
> claim upon which relief can be granted, and to involuntarily
>
> dismiss an action.

28 U.S.C. § 636(b)(1)(A).   With respect to the eight pretrial matters excepted in § 636(b)(1)(A), a magistrate judge may make proposed findings and recommendations. *Id.* § 636(b)(1)(B).   The district court must review those proposed findings and recommendations *de novo*, while it may review rulings on other pretrial matters for clear error.  *See* Fed. R. Civ. P. 72(b)(3); *id.* at R. 72(a).

Federal Rule of Civil Procedure 72 "was designed to implement the legislative mandate of Section 636(b)(1)."  Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil* § 3068 (3d ed. 1998).   Rule 72(a) governs "Nondispositive Matters" while Rule 72(b) governs "Dispositive Motions and Prisoner Petitions."  Fed. R. Civ. P. 72.  Rule 72 clarifies the distinctions within § 636(b)(1)(A):

> As does the statute, the Rule divides the magistrate judge's
>
> pretrial authority into two categories. In the first category,
>
> governed by Rule 72(a), deal[s] with pretrial matters "not
>
> dispositive of a claim or defense of a party." This provision
>
> implement[s] the legislative mandate of Section 636(b)(1)(A).
>
> Rule 72(b) implement[s] the category of pretrial activity

> authorized by Section 636(b)(1)(B), including matters
>
> "dispositive of a claim o[r] defense of a party . . . ."

Miller & Wright § 3068. The district court reviews a magistrate judge's dispositive decisions *de novo*, while it reviews nondispositive decisions for clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; D. Minn. LR 72.2. Rule 72, thus, extends *de novo* review to all matters dispositive to a claim or defense, a broader category of motions than those explicitly excepted under 28 U.S.C. § 636(b)(1)(A). *See* Miller & Wright § 3068.2. "The rule's approach permits the courts to reach commonsense decisions rather than becoming mired in a game of labels." *Id.* In some circumstances, courts must "go beyond the label and consider the impact of the action taken on the case to determine whether it is dispositive." *Id.*

Typically, a magistrate judge's order relating to the issuance of a subpoena in a civil matter is nondispositive and the district court applies a clear error standard of review. *See, e.g.*, *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013). There are, however, some circumstances in which a magistrate judge's order relating to a subpoena is considered dispositive, thus requiring *de novo* review. *See, e.g.*, *EEOC v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 987 (D. Minn. 2010), *aff'd*, 644 F.3d 742 (8th Cir. 2011) (holding that an application to enforce an administrative subpoena *duces tecum* when there is no pending underlying action before the Court is generally dispositive and warrants *de novo* review).

Although there is no pending underlying action before the court ruling on a § 1782 subpoena application, the Court concludes that a decision quashing or modifying a § 1782 subpoena is nondispositive. Section 1782 petitions are a special creature in the law, because they necessarily contemplate that there is or may be some other proceeding outside the control of the court addressing the application. 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) ("[T]he 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent.'"). While ruling on a § 1782 subpoena may resolve the entire action before the court to which the application is addressed, the court's ruling will not resolve the entire litigation because a related civil action is pending or in reasonable contemplation in another country. This renders an administrative subpoena *duces tecum* distinguishable from a § 1782 subpoena because in the former there is not necessarily a "related civil action," *see Schwan's Home Serv.*, 707 F. Supp. 2d at 989, while a § 1782 subpoena requires a related proceeding at least "in reasonable contemplation." *Intel Corp.*, 542 U.S. at 247. Even if there is no currently pending proceeding in another country, resolution of a § 1782 subpoena will not resolve the merits. *See Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1182 (10th Cir. 2013) ("[I]in a § 1782 proceeding, there is nothing to be done 'on the merits.'") Just like rulings on most discovery matters, a § 1782 subpoena is not dispositive on the

claims or defenses of a party.  Because a magistrate judge's order on a § 1782 subpoena is nondispositive, it warrants only clear error review like most other nondispositive orders

Because Plowiecki's § 1782 application is a nondispositive matter, the court reviews the portions of the Magistrate Judge's order that Plowiecki appeals for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; D. Minn. LR 72.2.

## II.    ANALYSIS

Under 28 U.S.C. § 1782, upon application, a federal district court may order discovery if the person from whom discovery is sought resides in or is found in the district where the application for discovery is made, the discovery is for use in a proceeding before a foreign or international tribunal, and the information sought is requested by the relevant tribunal or any interested person.  28 U.S.C. § 1782(a); *see In re Hallmark Cap. Corp.*, 534 F. Supp. 2d 951, 953–54 (D. Minn. 2007).  Meeting these requirements, only "authorizes, but does not require, a federal district court" to grant the § 1782 application. *Intel Corp.*, 542 U.S. at 247.

After determining that the statute's threshold requirements have been met, courts consider several factors when deciding whether to grant the § 1782 application.  *Id.* at 264–65.  The Supreme Court has provided four non-exhaustive factors for courts to

consider.  *Id.*; *see also Andover Healthcare, Inc. v. 3M Co.*, No. 14-44, 2014 WL 4978476, at *4 (D. Minn. Oct. 6, 2014), *aff'd*, 817 F.3d 621 (8th Cir. 2016).[4]

Once a court decides to grant a § 1782 application, "[t]he manner in which discovery proceeds will be determined by normal discovery rules."  *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012).  Courts thus look to the Rules of Civil Procedure when deciding whether to grant, modify, or deny requests in the § 1782 application.  This includes rejecting or limiting all or part of the § 1782 request.  *See Intel Corp.*, 542 U.S. at 265 ("[R]equests may be rejected or trimmed.")

When evaluating all discovery related motions, a court considers the permissible scope of discovery as provided in Rule 26(b)(1).  The scope of discovery includes the importance of the issues at stake, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of discovery outweighs the likely benefit.  Fed. R. Civ. P. 26(b)(1).  When considering whether to issue a subpoena, a court also considers whether the subpoena subjects a person to undue burden or requires disclosing confidential information.  Fed. R. Civ. P. 45(d)(3).

---

[4] These four factors are (1) whether the person from who discovery is sought is a participant in the foreign proceeding because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" rendering the evidence unobtainable without § 1782; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the § 1782 application is an attempt to circumvent foreign discovery restrictions or other policies; and (4) whether the requests in the application are "unduly intrusive or burdensome."  *Intel Corp.*, 542 U.S. at 264–65; *see also Andover Healthcare, Inc.*, 2014 WL 4978476, at *4.

Even where the information sought is relevant, "'discovery is not permitted where no need is shown, or compliance could be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)).  Finally, the Court is mindful of the need to give "special weight in evaluating the balance of competing needs" where discovery is sought from non-parties.  *Id.* at 927 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

The only issue contested is whether the Magistrate Judge's decision to quash the document subpoena for all four of Plowiecki's requests was clearly erroneous or contrary to law.[5]   The Court holds that the Magistrate Judge's findings that (1) the document subpoena requested confidential information that may not be adequately protected and (2) the document requests were unduly burdensome were not clearly erroneous and were not contrary to law.  Therefore, the Court will not overturn the Magistrate Judge's Order quashing the document subpoena.

---

[5] Specifically, none of the parties appeal the Magistrate Judge's holding that (1) Plowiecki's application meets the statutory criteria that authorize a district court to grant a § 1782 application and (2) the application as modified should be granted under the *Intel Corp.* discretionary factors.  The limitations the Magistrate Judge put on the Piper deposition are also not at issue, nor are the requirements that the parties enter a protective order or that Plowiecki notify the French court of the order.

-14-

### A.      Confidentiality Concerns and Protections

Plowiecki appeals the Magistrate Judge's order arguing that there was not a sufficient basis for the Magistrate Judge findings that the document subpoena sought confidential information and that the French court would insufficiently protect confidential information.[6]

The Magistrate Judge concluded that the document subpoena requested confidential information under Rule 45.  Plowiecki's document subpoena requested documents and communications relating to sales of Balt shares including internal processes and communications and potential purchasers of shares.  In support of its motion to quash before the Magistrate Judge, Piper asserted that these documents "contain commercial information, including client names, market and industry analyses, accounting models, transaction analyses, among others."  (Decl. of Kirsten E. Schubert ("Schubert Decl.") ¶ 10, June 21, 2021, Docket No. 45.)  Plowiecki implicitly recognized that such information may be confidential as indicated by his sealing the names of possible purchasers or parties who expressed interest that he was already aware of.  (*See* Mot. Regarding Continued Sealing at 14, Apr. 13, 2021, Docket No. 17.)  His reason for sealing this information was that it reflected "non-public and highly sensitive names . . . .

---

[6] Balt argues in its response to Plowiecki's motion that Plowiecki forfeited the argument that Balt and Piper failed to establish that any of the information sought was confidential because Plowiecki failed to raise it before the Magistrate Judge.  (Resp. to Pet'r's Limited Obj. at 7.)  The Court, however, sees grounds that Plowiecki may have properly raised the issue.  (*See, e.g.*, Mem. Opp. Balt SAS's Mot. Leave at 15 n.10, June 28, 2021, Docket No. 48; Tr. Mot. Hr'g at 49:14–18, July 29, 2021, Docket No. 60).  The Court, however, need not decide if Plowiecki forfeited this argument because, irrespective, the Court still will not disturb the Magistrate Judge's decision.

Publication of such entities' names would violate such entities' rights that their expression of interest in purchasing such shares remain strictly confidential." (*Id.*)  The record indicates that the topics addressed by the subpoenas are replete with confidential information.  The Court is also sensitive to the fact that the potentially confidential information is sought from a non-party and may affect other third parties who have not participated in these proceedings.  It was not clearly erroneous for the Magistrate Judge to find that the document subpoena sought confidential information.

Because steps often can be taken to protect confidential information, another consideration when reviewing a subpoena is whether those steps are adequate.  One such step, taken in this case, is to seal documents and enforce protective orders.  If there is uncertainty that confidentiality can be maintained, this can weigh heavily against ordering discovery.  *See Andover Healthcare, Inc. v. 3M Co.*, 817 F.3d 621, 624 (8th Cir. 2016) (upholding a denial of a § 1782 application for suit in Germany).

The Magistrate Judge concluded that the steps available here were inadequate and uncertain.  The parties presented dueling evidence on how French courts treat confidential information and what tools are available to enforce protections. (*Compare* Berbinau Decl. ¶¶ 66–67; Digoy Decl. ¶¶ 34-35, *with* Berbinau Decl. ¶¶ 67–69; Decl. of Alice Pezard ¶¶ 22–24, June 28, 2021, Docket No. 50.)  Plowiecki is be bound by any protective order issued in this proceeding, but as the French court is not a party to the protective order, it will not be bound.   Importantly, it is unclear what if any recourse

Piper, as a non-party, and any additional third parties disclosed would have before the French court to protect their interests. Even if they would be able to, these non-parties would have to incur the burden and expense of intervening in a French court. Considering this evidence and the special weight given when discovery is sought from non-parties, it was not clearly erroneous for the Magistrate Judge to find that the steps available were too inadequate and uncertain to protect the confidential information Plowiecki sought from Piper.

### B.    Unduly Burdensome

Plowiecki also appeals the Magistrate Judge's order arguing that there was not a sufficient basis to find that the document subpoena was unduly burdensome.

The Magistrate Judge concluded that the document requests were overbroad and not proportional to the case. In doing so, the Magistrate Judge considered both the document requests and the subpoena instructions, citing the reasons given by Piper in its letter responding to the subpoenas. These reasons include that the requested documents are "outside the scope of discovery, duplicative, irrelevant, and disproportionate to the litigation." (Schubert Decl. Ex. 2 at 2.) The subpoena requested (1) "[a]ll documents and communications relating to the Balt Share Sale;" (2) [a]ll documents and communications related to Piper Sandler's engagement in connection with the Balt Share Sale;" (3) "[a]ll documents prepared or reviewed by Piper Sandler in connection with the Balt Share Sale;" and (4) "[a]ll communications relating to the framework of the Balt Share Sale."

(Decl. of Lucas Bento, Ex. 5 at 17–18.)  The instructions included a demand for all drafts and non-identical copies, including non-electronic copies.  Meanwhile, Piper and Balt presented evidence that Plowiecki already had information that would have been at least partially responsive to these requests.   While both the sheer number of requests and the time frame covered are factors to consider as to whether discovery requests are overbroad or disproportionate, the main consideration is the effect the request will have on recipient and the needs of the case.  It was, therefore, not clearly erroneous for the Magistrate Judge to conclude that requiring Piper to gather and produce all its records on these issues was disproportionate or irrelevant to the needs of the French suit because (1) the dispute in the French court relates to Balt's and Bridgepoint's actions; (2) many of the requests Plowiecki made of Piper only pertain to communications and work done by Piper; (3) Plowiecki already has much of the relevant information, and (4) the requests appear to seek a broad range of material.  Following from this, the conclusion that the document subpoena placed an undue burden on Piper was not contrary to law.

## C.    Remedy

If a subpoena requires disclosure of confidential information, a court **may** quash or modify the subpoena; if it unduly burdens a recipient, a court **must** quash or modify the subpoena.  Fed. R. Civ. P. 45(d)(3).   Because the Magistrate Judge's holding that the document subpoena required disclosure of confidential information and unduly burdened Piper was not clearly erroneous, it is not *ipso facto* contrary to law to quash the

subpoena.  Upon the finding that it was unduly burdensome, the Magistrate Judge was obligated to either quash or modify the subpoena.  Failing to do so would itself have been contrary to law.  *See* Fed. R. Civ. P. 45(d)(3)(A).

Plowiecki objects to the Magistrate Judge's order quashing the document subpoena entirely rather than modifying them by limiting their scope, as the Magistrate Judge did with the deposition subpoena, or by ordering the parties to meet and confer to narrow the scope.[7]

While modification of a discovery request to eliminate an undue burden is generally preferable to quashing it entirely, this does not mean a court cannot choose the latter approach.  *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) (upholding quashing of a subpoena); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  The court must enforce this duty.  *Id.*  A party cannot issue an unduly burdensome subpoena to force the opposing party to meet and confer on a narrower subpoena.  Instead, a court must consider whether a subpoena meets the requirements of Rules 26 and 45.

Here the Magistrate Judge held that the document subpoena risked public disclosure of confidential information and was an undue burden because it was

---

[7] Plowiecki argues that this different treatment without explanation constitutes clear error.  Plowiecki does not cite, and the Court was unable to find, any law requiring a court to explain its reasons for treating subpoenas differently.  The Court concludes that it is not clear error to fail to explain the difference.

overbroad and disproportionate to the needs of the underlying case.  Rule 45 obligated the Magistrate Judge to act.   Moreover, the Magistrate Judge did not wholly quash all Plowiecki's requests: Plowiecki's deposition of Piper may move forward albeit with some limitations.  The Magistrate Judge did not overlook—and Plowiecki does not propose— an obvious method by which the Court or the parties could limit the document subpoena to better comply with Rule 26, Rule 45, or the special weight given when non-parties are involved in discovery disputes.  The Magistrate Judge's decision to quash the document subpoena was not clearly erroneous.

## CONCLUSION

The Court joins the majority of courts that have held that magistrate judges' decisions on § 1782 subpoenas are nondispositive.  Accordingly, the Court will affirm the Magistrate Judge's order quashing the document subpoena because the order was not clearly erroneous.  Therefore, Plowiecki's appeal is denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner Plowiecki's Appeal [Docket No. 66] is **DENIED**.

2.  The Magistrate Judge's July 28, 2021 Order [Docket No. 58] is **AFFIRMED**.

DATED:  October 26, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court